808 April 10, 2024 No. 227

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRAVIS EDWARD SIRNIO,
aka Travis Sirnio, aka Travis E. Sirnio,
*Defendant-Appellant.*

Jackson County Circuit Court
20CR03336; A177938

Timothy Barnack, Judge.

Argued and submitted March 12, 2024.

Larry R. Roloff argued the cause and filed the brief for appellant.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Joyce, Presiding Judge, Jacquot, Judge, and Hadlock, Judge Pro Tempore.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

Defendant appeals from a judgment of conviction for unlawful manufacture of heroin, ORS 475.846. On appeal, he argues that the trial court erred in denying his motion for judgment of acquittal. We review the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt," *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995), and affirm.

The question on appeal is whether the evidence was sufficient for a rational trier of fact to find that defendant engaged in "manufacture" of heroin. "'Manufacture' means the production, preparation, \* \* \* or processing of a controlled substance \* \* \* and includes any packaging or repackaging of the substance or labeling or relabeling of its container[.]" ORS 475.005(15). Where, as here, "no extraction or chemical synthesis occurred, the question reduces to whether" the defendant's actions constituted "packaging or repackaging of the substance." *State v. Tellez*, 170 Or App 745, 748-49, 14 P3d 78 (2000). To "package" or "repackage" means "preparing goods for delivery by enclosing them in a container or wrapper, either to protect the goods or to present them in a manner attractive to a consumer." *Id*. at 749. However, "packaging" does not include removing a substance from its package and giving a smaller piece to another person, where the record does not otherwise contain evidence that the person put the smaller piece into any kind of container before handing it to the other person. *Id*. at 751.

Here, the state charged defendant with manufacture of heroin after officers executing a search warrant found a "bank bag" containing 57.75 grams of heroin packaged in three separate bags, "clean, unused packaging" or baggies, a set of digital scales that tested positive for heroin, and $720 in cash. Officers also found a money counter in the kitchen, additional cash, and another set of scales in the house. Defendant told officers that the drugs and materials belonged to him. He explained that he buys "a quarter

pound of heroin at a time" and then "breaks them down into smaller amounts for sales."

That evidence is sufficient for a rational trier of fact to conclude that defendant packaged or repackaged heroin. By his own admission, defendant buys large amounts of heroin and breaks them down into smaller amounts to sell. Moreover, the smaller unused packages that officers found in his house allow an inference that, when he breaks down the larger amounts, he repackages them—puts them in smaller packages—before selling them. Under ORS 475.005(15), as we have construed it, that evidence is sufficient to withstand a judgment of acquittal.

Defendant nevertheless argues that it is unreasonable for the legislature to have elevated possession of a controlled substance to manufacture of a controlled substance by "the mere act of packaging [or repackaging a substance] that has [already] been created"; in his view, a defendant must do something more affirmative to create the substance. Whatever force that argument may carry, it is one that must be made to the legislature. The definition of manufacture is broad and unambiguously includes defendant's actions here.

We also disagree with defendant's contention that construing the statute in the manner that we have renders it unconstitutionally vague. As the state observes, the statute under which defendant was charged, and the accompanying definitions, clearly provide notice of the prohibited conduct. *See State v. Azar*, 318 Or App 724, 737, 509 P3d 668, *rev allowed*, 370 Or 214 (2022) (a criminal offense must provide a "reasonable degree of certainty" to determine what conduct is prohibited (internal quotation marks omitted)).

Affirmed.